UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSEAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEIJING HUALI ARCHITECTURE DECORATION CO., LTD., <br><br> Defendant. | 2:08-CV-1338 JCM (GWF) |

**ORDER**

Presently before the court is defendant Beijing Huali Architecture Decoration Co., Ltd.'s (hereinafter "Huali") motion for partial summary judgment. (Doc. #59). Plaintiff TruSeal Technologies, Inc. (hereinafter "TruSeal") filed an opposition. (Doc. # 66). To date, defendant has failed to file a reply.

Also before the court is plaintiff TruSeal's countermotion for summary judgement. (Doc. #67). Defendant filed an opposition. (Doc. # 79). Plaintiff filed a reply. (Doc. #80).

Also before the court is plaintiff TruSeal's notice of defendant's non-compliance with the court's June 15, 2010 order. (Doc. #86).

Plaintiff TruSeal's complaint stems from an alleged patent infringement of their U.S. Patent No. 6,355,328 (hereinafter "328 patent"). Plaintiff asserts that Huali manufactured and distributed sealant spacer products that infringed upon TruSeal's patent.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**Defendant's Motion for Partial Summary Judgment**

After obtaining expert Dr. Rancourt to examine the alleged infringing product, defendant moved for partial summary judgment with regards to claims one and four of the 328 patent. Specifically, it claims, unlike TruSeal's product, that it's product does not contain a "longitudinal adhesive film," and that the surface layer of it's product is not "compositionally different" from that of the core.

Under patent law, a device infringes literally, when all the elements of the patent-in-suit are present in the accused device, or by using the doctrine of equivalents, where the accused device contains elements which are equivalent to those in the patent-in-suit. *See Southwall Technologies v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995); *Catalina Marketing International, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002).

In defendant's motion, it argues that according to Rancourt's findings, there is neither a literal infringement of the patent, nor an infringement under the doctrine of equivalents. Alleging no dispute of these material facts exist, it moves for summary judgment, and asks the court to find that Hauli's sealant spacer system does not infringe on the 328 patent.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996) The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

Here, defendant's motion was based upon expert Dr. Rancourt's findings that no infringement existed, and that consequently, no issues of fact remained. However, plaintiff, relying on the attached declaration of Vice President of Research James Baratuci (doc. # 66-3), argues that

**James C. Mahan**
**U.S. District Judge**

1  according to a thermogravimetric analysis of a sample of defendant's accused product, and by taking
2  a cross section of the product, that all elements of the 328 patent were present.

3      Plaintiff asserts that according to Dr. Rancourt's deposition, he was given a 'fabricated
4  sample' of defendant's product to examine. Further, it asserts that Dr. Rancourt stated that the
5  defendant's actual product contained elements of the 328 patent that were not present in the
6  'fabricated sample.' Additionally, after examining an actual sample of defendant's product, Dr.
7  Rancourt testified that it included the elements necessary to constitute an infringement of the patent.
8  Defendant failed to filed a reply to these allegations.

9  **Plaintiff's Countermotion for Summary Judgment**

10      In addition to filing its opposition to defendant's motion for partial summary judgment,
11  plaintiff TruSeal filed a countermotion for summary judgment, asking the court to find that Huali's
12  products infringe on claims 1 and 4 of the 328 patent.

13      The court in *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002), held as follows:

14      A trial court can only consider admissible evidence in ruling on a motion for
15      summary judgment. *See* Fed. R. Civ. P. 56(e)*; Beyene v. Coleman Sec. Servs.,*
16      *Inc.,* 854 F.2d 1179,1181 (9th Cir. 1988)*.* Authentication is a "condition
17      precedent" to admissibility, and this condition is satisfied by "evidence
18      sufficient to support a finding that the matter in question is what its proponent
19      claims." Fed. R. Civ. P. 901(a)*.* We have repeatedly held that unauthenticated
20      documents cannot be considered in a motion for summary judgment. *See*
21      *Cristobol v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994)*; Hal Roach Studios,*
22      *Inc. v. Richard Feiner & Co. Inc.,* 896 F2d 1542, 1550–51 (9th Cir. 1987)*;*
23      *Beyene,* 854 F.2d at 1182*; Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920,
24      925 (9th Cir. 1987)*; Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686
25      (9th Cir. 1976).

26      Further, with regards to a deposition extract, *Orr v. Bank of America* held that in a motion
27  for summary judgment, the evidence is not authenticated, nor admissible, unless it includes the
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  "reporter's certification that the deposition is a true record of the testimony of the deponent." *See*
2  Fed. R. Evid. 901(b); Fed. R. Civ. P. 56(e) & 30(f)(1); *Beyene,* 854 F.2d at 1182*; Pavone v.*
3  *Citicorp Credit Servs., Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997). The court stated that it
4  is "insufficient for a party to submit, without more, an affidavit from her counsel identifying the
5  names of the deponent, the reporter, and the action and stating that the deposition is a "true and
6  correct copy." *Id.*

7  Here, plaintiff provides the court only with an affidavit of counsel (doc. # 66-2), which
8  declares that the excerpts from the deposition of Dr. James Rancourt are "true and accurate." Since
9  the deposition has not been properly authenticated under *Orr v. Bank of America*, this court is not
10 inclined to consider this evidence in the countermotion for summary judgment. The court notes that
11 defendant's opposition to the countermotion was inadequate, as required under Local Rule 7-2(d)*,*
12 which states that "the failure of an opposing party to file points and authorities in response to any
13 motion shall constitute a consent to the granting of the motion." However, the court also notes that
14 this does not provide, on its own, sufficient grounds to grant the countermotion for summary
15 judgment.

16 Accordingly,

17 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Huali's motion
18 for partial summary judgment (doc. #59) be, and the same hereby is, DENIED .

19 IT IS FURTHER ORDERED that plaintiff TruSeal's countermotion for summary judgment
20 (doc. #67) be, and the same hereby is, DENIED.

21 IT IS FURTHER ORDERED, based on defendant's failure to comply with the court's order
22 to retain counsel (doc. #86), that its answer be stricken and default entered. Plaintiff shall apply for
23 a judgment by default as appropriate.

24 DATED September 10, 2010.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -