1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRUSEAL TECHNOLOGIES, INC., | 2:08-CV-1338 JCM (LRL) |
| Plaintiff, | |
| v. | |
| BEIJING HULALI ARCHITECTURE DECORATION CO., LTD., | |
| Defendant. | |

**ORDER**

Presently before the court is plaintiff TruSeal Technologies, Inc's (hereinafter "TruSeal") motion for entry of default judgment against defendant Beijing Huali Architecture Decoration Co., Ltd. (hereinafter "Huali"). (Doc. # 89). Plaintiff filed supporting declarations of counsel Todd R. Tucker (doc. # 89-1) and senior vice president of Quanex Building Products Corporation August J. Coppola. (Doc. #89-2).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

On September 13, 2010, the clerk entered default against Huali (doc. #88) due to its failure to comply with the court's order to retain counsel (doc. #83). Pursuant to Federal Rule of Civil Procedure 55(b)(2), plaintiff asks this court to enter default against defendant Huali.

**James C. Mahan**
**U.S. District Judge**

1    In the present motion for entry of default judgment (doc. #89), TruSeal asserts that (1) the

2    court should permanently enjoin Huali from "making, using, selling, advertising or offering for sale

3    any of its products that infringe any claim of U.S. Patent No. 6,355,328, including Hauli's Huali Seal

4    and EdgeMax sealant/spacer system or any sealant/spacer system no more than colorably different,

5    as well as any of its products that infringe the trade dress associated with TruSeal's Edgetherm

6    sealant/spacer systems, including Huali's gray and black HualiSeal and EdgeMax Seal sealant/spacer

7    systems;" (2) it is "entitled to damages for lost profits by virtue of Huali's infringing sales in the

8    amount of $171,157.64;" (3) it is entitled to an award of up to treble damages of $513,472.92, for

9    Huali's willful infringement pursuant to 35 U.S.C. § 284; (4) interest should accrue on all the

10   foregoing amounts from the date of entry until paid; and (5) it should be awarded costs of suit and

11   attorney's fees incurred.

12   In TruSeal's supporting declaration of counsel (doc. #89-1), Todd R. Tucker asserts that

13   TruSeal's lost profits by virtue of Huali's infringing sales is $171,157.64, and supports this assertion

14   by demonstrating the amount of infringing containers sold, the number of feet that amount

15   represents, the dollar amount per foot sold, and the thirty-seven percent (37%) margin that would

16   be applied. Further, TruSeal has attached documents (doc. #89-1) in Exhibit A, that evidence Huali's

17   sales of the infringing products to its distributor. Additionally, August J. Coppola corroborates

18   TruSeal's assertions in his declaration. (Doc. #89-2).

19   In the present motion (doc. #89), TruSeal asks this court to "award costs of suit and

20   attorney's fees." Pursuant to Local Rule 54-16(b)(1) and (2), a party's motion for attorney's fees

21   must include "[a] reasonable itemization and description of the work performed," and "[a]n

22   itemization of all costs sought to be charged as part of the fee award and not otherwise taxable

23   pursuant to LR 54-1 through LR 54-15." Absent the inclusion of these itemizations, this court is not

24   willing to grant the motion for attorney's fees and costs at this time.

25   Further, the plaintiff asks this court to award damages in the amount of $513,472.92,

26   pursuant to 35 U.S.C. § 284. Under section 284, the "court shall award the claimant damages

27   adequate to compensate for the infringement but in no event less than a reasonable royalty for the

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   use made for the invention by the infringer," and "the court may increase the damages up to three

2   times the amount found or assessed." 35 U.S.C. § 284. The amount of damages sought for by the

3   plaintiff represents three times the amount of lost profits it has demonstrated above. In light of the

4   defendant's failure to comply with court orders, the 'fabricated sample' of its product that it provided

5   experts, and its willful infringement on the plaintiff's patent, the court is inclined to award damages

6   in the amount of $513,472.92.

7       Accordingly,

8       IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff TruSeal

9   Technologies, Inc's motion for entry of default judgment against defendant Beijing Huali

10   Architecture Decoration Co., Ltd. (doc. # 89) be, and the same hereby is, GRANTED in part.

11       IT IS THEREFORE ORDERED that Beijing Huali Architecture Decoration Co., Ltd. is

12   permanently enjoined from making, selling, advertising or offering for sale any of its products that

13   infringe any claim of U.S. Patent No. 6,355,328, as well as any of its products that infringe on the

14   trade dress associated with any TruSeal product.

15       IT IS FURTHER ORDERED that default judgment be entered in favor of TruSeal

16   Technologies, Inc in the amount of $171,157.64, with interest to accrue on the judgment from the

17   date of the judgment at the statutory rate.

18       IT IS FURTHER ORDERED that plaintiff's request for damages pursuant to 35 U.S.C. § 284

19   in the amount of $513,472.92 be, and the same hereby is, GRANTED.

20       IT IS FURTHER ORDERED that plaintiff TruSeal's request for costs and attorney's fees be,

21   and the same hereby is, DENIED without prejudice.

22       DATED December 21, 2010.

23

24   _____

25   UNITED STATES DISTRICT JUDGE

26

27

28

James C. Mahan
U.S. District Judge

- 3 -