1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSEAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEIJING HULALI ARCHITECTURE DECORATION CO., LTD., <br><br> Defendant. | 2:08-CV-1338 JCM (LRL) |

**ORDER**

Presently before the court is plaintiff TruSeal Technologies, Inc.'s motion for attorneys' fees and costs pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 54, and Local Rules 54-1 through 54-16. (Doc. #94). Defendant Beijing Huali Architecture Decoration Co. (hereinafter "Huali") failed to file an opposition.

The court entered default judgment in the amount of $171,157.64 against defendant Huali on December 21, 2010 (doc. #90), after it failed to retain counsel as ordered by the court. The court enjoined defendant from "making, using, selling, advertising or offering for sale any of its products that infringe any claim of U.S. Patent No. 6,355,328," and awarded plaintiff $513,472.92 in damages, pursuant to 35 U.S.C. § 284. Despite the court's finding of defendant's "willful infringement on the plaintiff's patent," it declined to grant attorneys' fees and costs because plaintiff failed to provide the court with the necessary itemizations and descriptions of the work performed, as required by the local rules.

In the present motion for attorneys' fees and costs (doc. #94), plaintiff asks this court to

1  award attorneys' fees and costs in the amount of $81,132.39. It asserts that the amount is reasonable
2  and that the award is appropriate in light of defendant's willful infringement, attempt to mislead the
3  court, and noncompliance with court orders. (Doc. #94).

4  Pursuant to 35 U.S.C. 285, a court may award attorneys' fees in "exceptional cases,"
5  including when there is a finding of "*willful infringement*, inequitable conduct before the P.T.O.,
6  *misconduct during litigation*, vexatious or unjustified litigation, [or a] frivolous suit." *Beckman*
7  *Instruments, Inc. v. LKB Prodkter AB,* 892 F.2d 1547, 1551 (Fed. Cir. 1989) (emphasis added). The
8  case before the court is "exceptional" and warrants the award of attorneys' fees for several of these
9  reasons.

10  First, as the court held in its previous order (doc. #90), defendant's infringement on the
11  plaintiff's patent was blatantly willful. Second, and even more telling of the willful and knowing
12  nature of the infringement, when defendant had Dr. Rancourt examine the product to determine if
13  it was in fact infringing, it provided him with a fabricated sample of the product. It was only after
14  the expert was given an actual sample of defendant's product that he reversed his position and
15  determined that the product did indeed infringe. Defendant's attempt to mislead the court constitutes
16  "misconduct during litigation," and warrants the award of fees. Additionally, defendant demonstrated
17  misconduct when it filed a one line opposition to the plaintiff's motion for summary judgment, and
18  subsequently defaulted by failing to obey court orders to retain new counsel after its counsel
19  withdrew upon discovering the fabricated sample.

20  Pursuant to Local Rule 54-16(b)(1), (2), and (3), a party's motion for attorney's fees
21  must include "[a] reasonable itemization and description of the work performed," "[a]n
22  itemization of all costs sought to be charged as part of the fee award and not otherwise taxable
23  pursuant to LR 54-1 through LR 54-15," and a brief summary demonstrating, among other things,
24  the time spent, skill required, novelty and difficulty of the case, and the customary fee charged. The
25  motion must also be accompanied by an attorney affidavit "authenticating the information contained
26  in the motion and confirming that the bill had been reviewed and edited and that the fees and costs
27  charged are reasonable." LR 54-16(c).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Plaintiff asserts that the amount of $81,132.39 is appropriate, and breaks the fees down as
2    follows: (1) attorneys' fees of the Renner Otto Law firm, lead counsel, in the amount of $62,778.75,
3    (2) attorneys' fees and expenses of local counsel McDonald Carano, in the amount of $9,284.39, (3)
4    additional non-taxable costs in the amount of $7,092.95, and (4) taxable costs in the amount of
5    $1,976.30. (Doc. #94). Concurrent with the filing of the present motion, plaintiff filed a bill of costs
6    (doc. #93) in the amount of $1,976.30. On January 24, 2011, the court entered the bill of costs,
7    adding the requested amount to the judgment. (Doc. #95). Therefore, the court need not address
8    defendant's request for taxable costs.

9    In accordance with Local Rule 54-16(b)(1), plaintiff provided the court with "a reasonable
10   itemization and description of the legal work performed" by the law firm of Renner Otto (doc. #94-1
11   Exhibit 1), beginning in September of 2008, and ending in October of 2010, and the law firm of
12   McDonal Carano (doc. #94-1 Exhibit 2), beginning in November of 2008, and ending in September
13   of 2010. Both exhibits provide the court with an adequate representation of the work performed and
14   the time spent.

15   Pursuant to Local Rule 54-16(b)(2), plaintiff attached an itemization of additional costs and
16   expenses sought, not otherwise taxable under Local Rule 54-1 through 54-16. (Doc. #94-1 Exhibit
17   3). Included in this itemization, are travel expenses, copies, and postage fees. Plaintiff's counsel also
18   provided the court with invoices sent to plaintiff, which itemize the expenses for the litigation. To
19   authenticate the itemizations and to confirm the reasonableness of the award sought, plaintiff filed
20   the affidavit of Todd R. Tucker (doc. #94-1 Exhibit A). In the affidavit, Tucker asserts that he
21   "reviewed and edited the bills, and that the fees and costs charged are reasonable."

22   In compliance with Local Rule 54-16(c), Tucker contended in his affidavit that the attorneys
23   had the "requisite skill to perform the legal services associated with this case," that the "fees and
24   rates charged for thiss case are customary," and that the "amount of attorneys' fees requested is
25   reasonable as compared to the amount in controversy and the judgment obtained." (Doc. #94-1
26   Exhibit A). Further, he asserted that the attorneys had the experience, reputation and ability to
27   adequately represent TruSeal in this matter, and that the litigation conduct by defendant "demanded
28

**James C. Mahan**
**U.S. District Judge**

1  time and work" by both firms involved. *Id.*

2  As defendant's infringement was willful, its conduct during litigation was inappropriate and worthy of sanctions, and plaintiff provided the court with the required evidentiary support, the court is inclined to grant the award of attorneys' fees and costs, minus the amount of taxable costs already awarded by the court (doc. #95). 35 U.S.C. 285; *Beckman,* 892 F.2d 1547, 1551; LR 54-1 through 54-16.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff TruSeal Technologies, Inc.'s motion for attorneys' fees and costs pursuant to 35 U.S.C. § 285, Federal Rule of Civil Procedure 54, and Local Rules 54-1 through 54-16 (doc. #94) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that plaintiff is awarded attorneys' fees and costs in the amount of $79,156.09.

DATED May 16, 2011.

_____
UNITED STATES DISTRICT JUDGE